536

[No. 39589-4-II.   Division Two.   January 19, 2011.]

GEONERCO, INC., *Appellant*, v. GRAND RIDGE PROPERTIES IV, LLC, *Respondent*.

*Bradley A. Maxa* (of *Gordon Thomas Honeywell LLC*), for appellant.

*Bradley W. Andersen*, for respondent.

¶1 WORSWICK, A.C.J. — Geonerco Inc., n/k/a Riverside Homes Inc. (Riverside), appeals the trial court's entry of an order under CR 60(b) in favor of Grand Ridge Properties IV LLC. Riverside contends that the relief the trial court ordered exceeded its authority under CR 60(b) and that the trial court erred in concluding that the doctrines of waiver, res judicata, and judicial estoppel barred Riverside from enforcing any further conditions to closing on the property subject to this dispute. We agree with Riverside as to the CR 60(b) issue, disagree as to the judicial estoppel issue, and reverse and remand for further proceedings.[1]

## FACTS

¶2 In 2000, Grand Ridge agreed to finish 22 residential lots on a tract of land in Clark County and to sell the finished lots to Riverside. *Geonerco, Inc. v. Grand Ridge Props. IV, LLC*, 146 Wn. App. 459, 461, 191 P.3d 76 (2008). In May 2002, as part of this agreement, Grand Ridge and Riverside negotiated and signed a real estate purchase and sale agreement (REPSA). *Geonerco*, 146 Wn. App. at 461.

¶3 In 2006, Riverside informed Grand Ridge that it was willing and able to close on the REPSA and directed its escrow agent to prepare the closing documents. *Geonerco*, 146 Wn. App. at 463. But Grand Ridge refused to convey the lots to Riverside without amending the REPSA to reflect an

---

[1] Riverside also argues that a liquidated damages clause in the real estate purchase and sale agreement between the parties precluded the relief ordered by the trial court. Because we reverse based on CR 60(b), we do not reach Riverside's liquidated damages argument.

increased purchase price of each lot due to unforeseen project costs. *Geonerco*, 146 Wn. App. at 463. Riverside responded by suing Grand Ridge for specific performance of the REPSA. *Geonerco*, 146 Wn. App. at 463. Grand Ridge, in its answer, sought recission of the contract and asserted as affirmative defenses that incomplete or unspecific terms in the REPSA and ambiguous terms in the REPSA addenda barred Riverside's claim.

¶4 Riverside moved for partial summary judgment to strike Grand Ridge's affirmative defenses. *Geonerco*, 146 Wn. App. at 463. In its motion, it repeatedly represented to the trial court that Grand Ridge's defenses should fail because "Riverside has waived all conditions to closing and notified [Grand Ridge] that it is ready willing and able to close. The only outstanding obligation of the parties at this point is the obligation to close—for Riverside to pay the contract purchase price and [Grand Ridge] to convey title." I Clerk's Papers (CP) at 67-68. When Grand Ridge also moved for summary judgment, Riverside repeatedly reiterated this position in its responsive briefing: "As a matter of law, all conditions or contingencies based on [Grand Ridge's] performance have been waived under common law . . . . Riverside waived all conditions or contingencies to closing, accepting the condition of the property 'as is.' The only remaining obligation of [Grand Ridge] is to tender title." I CP at 141.

¶5 In June 2007, the trial court granted summary judgment in favor of Riverside and ordered specific performance. Specifically, it ordered Grand Ridge "to sell to [Riverside], and to fully cooperate in any activities necessary to closing the sale, the property at issue in this proceeding . . . ." II CP at 258. It further specified that "[c]losing of the sale shall take place no later than thirty-five (35) days after entry of an order on [Riverside's] request for an award of attorney's fees and costs." II CP at 258.

¶6 Grand Ridge appealed the trial court's summary judgment order. Because of the pending appeal, the trial

court entered a stay order extending the time for closing until 35 days after final resolution of Grand Ridge's appeal. We affirmed the trial court's grant of summary judgment. *Geonerco*, 146 Wn. App. at 461. Grand Ridge filed a petition for review with the Washington Supreme Court. Because it was paying $6,673.48 per month in finance charges on the property, Grand Ridge moved the trial court to modify the stay to allow Grand Ridge to convey title to the property to Riverside. The trial court denied Grand Ridge's motion. Subsequently, Grand Ridge abandoned its appeal. We terminated appellate review on January 16, 2009. Thus, closing had to occur by February 20, 2009.

¶7 On January 20, 2009, Grand Ridge reopened escrow with the title company and notified Riverside that it was ready to proceed with closing. But on February 4, 2009, Riverside notified Grand Ridge that closing could not occur because it believed Grand Ridge needed to perform additional work on the lots as a condition of closing under the REPSA. And Riverside refused to relinquish its interest in the property, leaving a cloud on the title that interfered with Grand Ridge's ability to finance or sell the property.

¶8 Grand Ridge filed a motion for relief from judgment under CR 60(b). Specifically, Grand Ridge requested that the trial court (1) determine that Grand Ridge had satisfied the specific performance portion of the judgment against it, (2) determine that Riverside no longer had any legal interest in the property due to its failure to close, (3) strike Riverside's award of attorney fees and costs under the judgment against Grand Ridge, and (4) award Grand Ridge attorney fees and costs for the CR 60(b) motion.

¶9 After a hearing, the trial court entered findings of fact and conclusions of law. The trial court found that Riverside's failure to close had caused Grand Ridge to suffer damages. It concluded that (1) the doctrines of waiver, judicial estoppel, and res judicata barred Riverside from requiring Grand Ridge to perform further work on the lots before closing; (2) Grand Ridge had fully satisfied its obligations under the REPSA and judgment; and (3) River-

side had failed to satisfy the judgment and had breached the REPSA. The trial court also denied Grand Ridge's request to strike Riverside's attorney fees award under the judgment.

¶10 Instead of granting the relief Grand Ridge requested, the trial court modified the judgment in several ways. First, it ordered Riverside to tender into escrow the property's purchase price—minus an offset for its attorney fees award under the judgment and plus interest from February 20, 2009, to the actual closing date—by August 3, 2009 (a 163-day extension from the February 20, 2009, closing date originally ordered). Second, it ordered that Riverside's failure to close by August 3 would terminate its legal interests in the property. Third, it ordered that Grand Ridge could sell the property to a third party if Riverside failed to close by August 3. Finally, it determined that if Grand Ridge sold the property to a third party, it would be entitled to a judgment for an award of damages in an amount encompassing (1) the difference between the purchase price specified in the REPSA and the price for which Grand Ridge actually sold the property to a third party; (2) the cost to bring the property into compliance with permit requirements to sell the property to a third party; (3) any and all incidental costs Grand Ridge incurred in retaining or reselling the property; and (4) interest calculated from February 20, 2009, to the actual closing date. Riverside appeals.

## ANALYSIS

### I. CR 60(b)

¶11 Riverside contends that the trial court erred in ordering it to close on the property or pay damages to Grand Ridge because trial courts do not have authority under CR 60(b)(6) to grant affirmative relief. Grand Ridge counters that trial courts do have the authority to grant such affirmative relief under CR 60(b)(6) and under the trial court's inherent equitable powers.

¶12 We review matters of law, such as the interpretation of court rules, de novo. *Burt v. Dep't of Corr.*, 168 Wn.2d 828, 832, 231 P.3d 191 (2010). CR 1 provides that the civil rules govern procedure in all suits in superior court whether they are cases at law or in equity. CR 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (6) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

¶13 Washington courts look to federal cases interpreting federal counterparts to state court rules as persuasive authority when the rules are substantially similar. *See, e.g., Luckett v. Boeing Co.*, 98 Wn. App. 307, 311-12, 989 P.2d 1144 (1999); *Peoples State Bank v. Hickey*, 55 Wn. App. 367, 370-71, 777 P.2d 1056 (1989). Fed. R. Civ. P. 60(b)(5) is substantially similar to Washington's CR 60(b)(6).[2] As the Ninth Circuit Court of Appeals has stated, " 'Rule 60(b) is available only to set aside a prior judgment or order; courts may not use Rule 60(b) to grant affirmative relief in addition to the relief contained in the prior order or judgment.' " *Delay v. Gordon*, 475 F.3d 1039, 1044-45 (9th Cir. 2007) (quoting 12 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 60.25 (Daniel R. Coquillette et al. eds., 3d ed. 2004)).

¶14 Grand Ridge, citing *Pacific Security Cos. v. Tanglewood, Inc.*, 57 Wn. App. 817, 818, 790 P.2d 643 (1990),

---

[2] Fed. R. Civ. P. 60(b)(5) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Likewise, Fed. R. Civ. P. 60(b)(6) is substantially similar to Washington's CR 60(b)(11), which Grand Ridge also relies on as authorizing the trial court's order.

contends that trial courts may grant affirmative relief under Washington's CR 60(b). In *Pacific Security*, however, the trial court originally entered a decree of foreclosure ordering a sheriff's sale of real property and providing for entry of a deficiency judgment against the debtors for any deficiency after the sale. 57 Wn. App. at 819. After the sale and a change in circumstances, the debtors moved for an order extinguishing all liens on the property and discharging their debts to creditors. *Pac. Sec.*, 57 Wn. App. at 819. The debtors also moved for a monetary judgment. *Pac. Sec.*, 57 Wn. App. at 820. The trial court dismissed the debtor's motion because it found that the debtors should have sought relief in a separate action. *Pac. Sec.*, 57 Wn. App. at 820.

¶15 Division Three of this court stated that parties may invoke CR 60(b)(6) for relief " 'where a change in circumstances after the judgment is rendered makes it inequitable to enforce the judgment.' " *Pac. Sec.*, 57 Wn. App. at 820 (quoting *Metro. Park v. Griffith*, 106 Wn.2d 425, 438, 723 P.2d 1093 (1986)). The court held that because a judgment ordering a sheriff's sale and authorizing a deficiency judgment has prospective application and because a change in circumstances had occurred, the debtors properly brought their motion under CR 60(b)(6). *Pac. Sec.*, 57 Wn. App. at 821. The court, however, did not expressly state that the debtors properly sought a monetary judgment under CR 60(b)(6). It reversed and remanded only "for resolution of the substantive issues presented." *Pac. Sec.*, 57 Wn. App. at 821. Thus, *Pacific Security* does not support the proposition that parties may seek affirmative relief under CR 60(b)(6). We find federal case law interpreting the federal counterpart to CR 60(b) persuasive and hold that the trial court did not have authority to grant affirmative relief under CR 60(b).

## II. EQUITABLE POWERS OF THE COURT

¶16 Grand Ridge argues that, if the trial court lacked the power to grant affirmative relief under CR 60(b),

it had the inherent power to impose terms on Riverside to ensure an equitable result. Grand Ridge contends that the trial court's award of damages to Grand Ridge was appropriate pursuant to such inherent power.

> [A] trial court's inherent authority to sanction litigation conduct is properly invoked upon a finding of bad faith. . . . The court's inherent power to sanction is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

*State v. S.H.*, 102 Wn. App. 468, 475, 8 P.3d 1058 (2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). Sanctions are appropriate "if an act affects 'the integrity of the court and, [if] left unchecked, would encourage future abuses.' " *S.H.*, 102 Wn. App. at 475 (alteration in original) (quoting *Gonzales v. Surgidev Corp.*, 120 N.M. 151, 899 P.2d 594, 600 (1995)). However, a court must find bad faith in order to exercise these inherent powers. *See In re Recall of Pearsall-Stipek*, 136 Wn.2d 255, 267, 961 P.2d 343 (1998). Moreover, a court must "exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Chambers*, 501 U.S. at 50; *see also In re DeVille*, 361 F.3d 539, 548-49 (9th Cir. 2004) (due process requires notice and an opportunity to respond to the charges before inherent powers sanctions are imposed).

¶17 It appears from the record that the trial court did not consider the question of whether Riverside had engaged in bad faith litigation conduct. Because the trial court did not find that Riverside engaged in such conduct, it lacked authority to sanction Riverside under its inherent powers. The trial court's damage award against Riverside was also improper under the court's inherent powers because Riverside was not afforded sufficient due process.

¶18 Because affirmative relief is not available under CR 60(b), and because inherent powers sanctions are not avail-

able absent a finding of bad faith, we reverse the trial court's order. The affirmative relief requiring Riverside to pay damages to Grand Ridge and extending the closing date was improper. The only remedy available under CR 60(b) was relief from the judgment, which would include a finding that Grand Ridge was not obligated to sell the property to Riverside, and that Riverside had no more interest in the property. We remand for the trial court to determine whether to grant such relief under CR 60(b). The trial court on remand may also consider whether Riverside engaged in bad faith litigation conduct and whether inherent powers sanctions are appropriate, but may not issue such sanctions without affording Riverside notice and an opportunity to be heard on the issue.

¶19 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.[3]

ARMSTRONG and SCHINDLER, JJ., concur.

---

[3] In the unpublished portion of this opinion, we determine that the trial court did not abuse its discretion when it applied judicial estoppel and we award fees and costs to Riverside.