# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In re Parenting and Support of: )
BAINYA SHAY ) DIVISION ONE
)
THOMAS O. BAICY, ) No. 68925-8-I
)
        Appellant, )
) UNPUBLISHED OPINION
        and )
)
DANELLE M. SHAY, )
)
        Respondent. ) FILED: June 10, 2013
)

DWYER, J.—In this dispute arising from a parenting plan, Thomas Baicy

primarily challenges a commissioner's order, confirmed by a superior court judge,

holding him in contempt for violating provisions of the parenting plan. We find no

abuse of the court's discretion and affirm.

I

Thomas Baicy and Danelle Shay are the parents of Bainya, who was born

in April 2005. Baicy and Shay represented themselves at trial. In May 2011, the

trial court entered final orders providing for the care and support of Bainya,

including a parenting plan and an order of child support. In October 2011, Baicy

filed a petition to modify the parenting plan. He sought to alter the transportation

arrangements. The parenting plan provided for the "receiving parent [to] be

responsible for transporting the child." Baicy wanted to alter the parenting plan to

require Shay to meet him to exchange the child at a McDonald's restaurant in

Covington. Baicy claimed that modification was necessary because Shay's

father, who lived with her, had an "anger management issue" and had threatened him in the past, creating a "potential for hostility."

On November 22, Baicy obtained a default order and a court commissioner entered a modified parenting plan in accordance with Baicy's proposal.[1] A few weeks later, Baicy filed a motion for contempt alleging that Shay had failed to comply with the transportation provisions of the modified parenting plan.

Shay retained counsel and, on January 9, 2012, filed a motion to vacate the default order and modified parenting plan. In her supporting declaration, Shay alleged that Baicy was "angry" about the parenting plan provisions and refused to see Bainya unless she complied with his demands to switch days or provide transportation. She alleged that Baicy did not regularly see Bainya during his scheduled time after the school year had ended and did not see her at all after July 3, 2011. Shay admitted that Baicy served documents on her in November 2011, but she believed the documents related to his appeal of the court's May 2011 final orders. She also alleged that she had attempted to exchange Bainya in accordance with the new parenting plan after discovering that it had been entered, but that Baicy did not show up. Shay also brought a motion seeking contempt sanctions based on Baicy's noncompliance with the parenting plan.

---

[1] Following entry of the default order, Baicy also obtained an order of child support adjusting his monthly obligation from $403 to $69.

2

On January 30, 2012, a court commissioner granted Shay's motion to vacate. The commissioner determined that there were several procedural problems with the default order, including the fact that Baicy had appealed the May 2011 final orders and that the appeal was still pending both when he filed his motion to modify and when the court entered the order of default.[2] The commissioner's order informed Baicy that a petition to modify must be based on a substantial change in circumstances in accordance with RCW 26.09.260, and encouraged him to consult legal counsel before proceeding with such a petition.

Baicy renoted a hearing on his petition to modify the parenting plan. At a February 23 hearing before another court commissioner, Baicy acknowledged that his hostile relationship with Shay's father existed at the time of the April 2011 trial and had not changed. He admitted that his petition, therefore, was not based on a substantial change of circumstances.

Consistent with her declaration, Shay informed the court that Baicy had no contact with the child between July 3 and November 2011. She also averred that between November 2011 and January 2012, Baicy had not consistently complied with the provisions he proposed and which had been incorporated into the parenting plan in effect between November 2011 and January 2012. For his part, Baicy argued that it was Shay who was not in compliance with the transportation provisions. He admitted, however, that since the modified parenting plan was vacated a month earlier and the May 2011 order was

---

[2] Baicy filed a motion to voluntarily dismiss the appeal on November 18, 2011, and this court issued its ruling terminating review on December 1, 2011.

reinstated, he had not picked Bainya up from Shay's house as provided for by the order.

The commissioner entered an order denying the petition to modify based on a finding that there was no substantial change in circumstances, as needed to support a modification of the parenting plan. The commissioner found that the petition was brought in bad faith. In a separate order, the commissioner concluded that Baicy violated the parenting plan by failing to pick up his daughter in order to exercise his residential time between February 1, 2012 and February 22, 2012. The commissioner found that Baicy was "not confused" but "defiant" about the transportation provisions. Based on the finding of contempt and bad faith in initiating the petition, the commissioner ordered Baicy to pay $4,500 in attorney fees to Shay.

Baicy filed a motion to revise the commissioner's February 23 order. He claimed that there was no violation of a court order because Shay had agreed to change the transportation arrangements. He also argued that contempt sanctions were unwarranted, especially given a lack of previous warnings or admonishments.

Following a hearing before Judge Deborah Fleck, who had presided over the trial, the court rejected Baicy's motion and affirmed the commissioner's rulings. In its March 30 order on revision, the trial court found no substantial change in circumstances to support Baicy's petition to modify. The court further found that Baicy did not exercise his residential time between July and November 2011 and did not exercise all of his residential time between November 2011 and

4

the February 2012 hearing before the commissioner. The court confirmed the award of attorney fees as a remedial sanction under RCW 7.21.030(3).

Baicy filed a motion for reconsideration of the fee award based on new evidence. Baicy submitted evidence to show that Shay's vehicle was parked at the condominium complex of her former attorney at various dates and times.[3] Baicy argued that this evidence proved that Shay did not actually owe the attorney fees awarded because she was "getting free legal services." Baicy also claimed the evidence demonstrated that Shay had relocated without providing notice to him.

On May 16, 2012, Judge Fleck affirmed the court's previous finding of contempt, found that Shay had incurred attorney fees in connection with the contempt, and denied the motion to reconsider. The court determined that Baicy's allegation of an intimate relationship between Shay and her former counsel was not relevant to whether Baicy violated a court order by not exercising his visitation for a period of time or to whether he had initiated a baseless petition and thereby violated CR 11. The court also made a finding that the extensive and meritless litigation initiated by Baicy following entry of the final orders justified a restriction on his ability to file new motions and petitions:

> On the basis of credibility determinations and findings made as a result of the trial, the statements made in the father's pleadings filed since entry of the orders following trial, the revision hearing, my familiarity with these parties, and the extent of litigation initiated by the father since the entry of the orders following trial, I find that the father continues to be angry and defiant, necessitating an order

---

[3] Shay was represented by the attorney until February 2012 but thereafter she was and continues to be represented by a different attorney at the same law firm.

limiting his ability to file additional motions or petitions unless he obtains advance authorization from this court or a subsequent Chief Unified Family Court Judge, or if this court is unavailable, then from another Chief Judge or a UFC Judge.

Approximately three months later, on August 1, Shay filed a notice of intent to relocate within King County. Baicy did not object within the statutory 30-day objection period,[4] and on September 6, 2012, the court entered ex parte orders permitting the relocation and modifying the parenting plan.[5]

Baicy filed a motion to vacate the ex parte orders on October 25 and obtained an ex parte order to show cause. On November 7, 2012, the court entered an order quashing the show cause order, imposed sanctions of $1,500 for the failure to obtain authorization in compliance with the May 16, 2012 order, and further ordered that Baicy may not obtain further authorization until the $1,500 amount is paid in full. Baicy appeals.

II

Our consideration of Baicy's appeal is controlled by well-settled principles of appellate review. Our review is limited to orders properly before us based on a timely notice of appeal. RAP 5.2(a). We consider only evidence that was before the trial court at the time a decision was made. See RAP 9.1, 9.11. We do not weigh conflicting evidence or substitute our judgment for that of the trial court. In re Marriage of Rich, 80 Wn. App. 252, 259, 907 P.2d 1234 (1996). The trial court

---

[4] See RCW 26.09.480(1) (requiring party to object within 30 days of receipt of notice of intended relocation).

[5] The modified parenting plan maintains the same weekend visitation schedule as the May 2011 order but eliminates Baicy's midweek visit. The transportation provisions provide for Baicy to transport to and from the child's school when it is in session and otherwise for Baicy to provide for transportation from Shay's home unless the parties otherwise agree in writing.

is the judge of the credibility of witnesses, and we review challenged findings of fact only for substantial evidence in the record before the trial court. See Dodd v. Polack, 63 Wn.2d 828, 829, 389 P.2d 289 (1964). Unchallenged findings are verities on appeal. In re Marriage of Brewer, 137 Wn.2d 756, 766, 976 P.2d 102 (1999).

An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). This court generally will not consider claims unsupported by citation to authority, references to the record, or meaningful analysis. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). While we recognize that Baicy was pro se at the time he prepared his opening brief, pro se litigants are held to the same standards as attorneys and must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).[6]

Baicy's briefing is deficient in several respects. He raises several arguments with regard to the commissioner's January 30, 2012 order granting Shay's motion to vacate—an order he did not timely appeal. Baicy lists six assignments of error but fails to address the assignments in a coherent manner in the argument section of his brief. The argument section of his brief presents a litany of complaints in a stream-of-consciousness manner and includes numerous arguments unrelated to the designated assignments of error. He does

---

[6] Baicy initially represented himself in this appeal but it appears he is currently represented by counsel.

not assign error to any factual findings, although the essence of his appeal is largely an attempt to retry factual matters in this court.

In short, the deficiencies in Baicy's briefing are sufficient to preclude review. Nevertheless, to the extent possible, we have addressed his challenges to the following orders: the commissioner's February 23, 2012 order holding Baicy in contempt and denying his petition to modify; Judge Fleck's March 30, 2012 order on revision, May 16, 2012 order denying reconsideration, and November 7, 2012 order quashing Baicy's show cause order; and the commissioner's September 6, 2012 ex parte orders permitting relocation and entering a parenting plan.[7]

III

Disobedience of a court order is a ground for a court to order a sanction for contempt of court. RCW 7.21.010, 020. The standard of review is abuse of discretion. Moreman v. Butcher, 126 Wn.2d 36, 40, 891 P.2d 725 (1995). A court abuses its discretion when its decision is based on untenable grounds or is made for untenable reasons. Moreman, 126 Wn.2d at 40.

Baicy challenges the commissioner's February 23 order denying his petition and holding him in contempt. Baicy claims the proceedings were inherently unfair because Shay was represented by counsel and he was not. But he was not entitled to counsel at public expense in order to pursue his

---

[7] We also address several motions filed in conjunction with this appeal. Baicy filed a motion to stay the prefiling authorization provision of the May 16, 2012 order and a motion to strike and request for sanctions in response to Shay's designation of additional verbatim reports from two trial court hearings. Shay requests fees for having to respond to a frivolous motion to strike. We hereby deny both motions and both parties' requests for sanctions.

8

modification petition. See In re Marriage of King, 162 Wn.2d 378, 397-98, 174 P.3d 659 (2007). Baicy points out that the contempt adjudication could have resulted in incarceration, and argues that he was therefore entitled to be advised of the right to appointed counsel.[8] See Tetro v. Tetro, 86 Wn.2d 252, 255, 544 P.2d 17 (1975). But Baicy does not allege indigency, nor does the record establish indigence. Baicy did not ask for an attorney or request a continuance. Nor does the record support Baicy's allegation that the commissioner was biased against him and "acted as co-counsel" for Shay by asking him to respond to Shay's allegations at the hearing. Baicy's challenge to the February 23 order fails.

IV

With respect to the trial court's March 30 order denying revision of the commissioner's ruling, Baicy claims that there was no evidence before the court that he failed to exercise residential time with Bainya. He also argues that the failure to successfully exchange the child at McDonald's was merely a matter of "confusion" and the court erred in finding otherwise.

But there was evidence before the court in the form of sworn declarations. The trial court's finding that Baicy failed to exercise visitation as ordered in the parenting plan for several months in 2011 is supported by Shay's declarations. Shay also alleged that Baicy only met her once in January 2012 at McDonald's. Baicy never disputed the claim that he did not exercise visitation for a period of

---

[8] Baicy's position on this point is not entirely clear because he claims it is "barely arguable" that he was entitled to appointed counsel.

months in 2011. He challenged only the allegation that he did not comply with the modified parenting plan entered upon the default order. But the record on appeal includes only one receipt submitted by Baicy, from the restaurant drive-through window, to show that he had been there on a single appointed visitation date. Shay submitted receipts showing that she was inside the restaurant on several appointed visitation dates. The evidence before the court supported its finding that Baicy did not exercise his residential time between July and November 2011 and did not exercise all of his time between November 2011 and the February 23, 2012 hearing.

Baicy appears to suggest that the court was unable to assess credibility because the witnesses did not testify at an evidentiary hearing on the contempt motion. But to the extent that the documentary evidence was conflicting, it was well within the court's purview to weigh and resolve the conflicts presented in the documentary evidence. See In re Marriage of Rideout, 150 Wn.2d 337, 351, 77 P.3d 1174 (2003) (appellate court defers to trial court's findings in contempt proceedings even where the evidence is entirely documentary). Baicy cites no authority that supports his position that the procedure here was improper.

V

In challenging the trial court's May 16 order denying his motion for reconsideration, Baicy argues that the court should have remanded the matter to the commissioner based upon the new evidence he submitted. As he argued below, Baicy maintains that the evidence showed that (1) Shay was "paying her legal fees in a manner other than cash" and (2) Shay had relocated Bainya

10

without providing notice to him. We do not agree that the evidence actually established either of these facts. The evidence did not call into question the evidence in the record establishing that, at the time of the February 23 hearing before the commissioner, Shay had incurred legal fees of approximately $6,000. Nor does the record support Baicy's claim that the court denied his motion based on its misjudgment of Shay's credibility and its desire to protect her former attorney. The evidence submitted on reconsideration was immaterial to the court's basis for holding Baicy in contempt—the decision Baicy was asking the court to reconsider.

Baicy also challenges the provision of the May 16 order that requires him to obtain court authorization before filing new motions or petitions. He claims that the court's explanation of the basis for the restriction is inadequate, the restriction lacks standards to govern authorization, and that, at the very least, the provision should have included an expiration date. He contends the prohibition violates his right to be treated equally before the courts.

Courts in Washington have the "inherent power to control the conduct of litigants who impede the orderly conduct of proceedings." Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008); see also RCW 2.28.010(3). A court, therefore, has discretion to place reasonable restrictions on any party who abuses the judicial process. In re Marriage of Giordano, 57 Wn. App. 74, 78, 787 P.2d 51 (1990).

The restriction imposed here is not a moratorium and does not deny Baicy access to the courts. Although Baicy speculates that the court will deny

11

authorization of any motion he seeks to file, nothing in the record suggests that is the case. The record also supports the trial court's finding that Baicy had engaged in a significant amount of meritless litigation following the entry of the court's May 2011 final orders. Within five months after the court entered the final parenting plan, Baicy filed a meritless petition to modify and continued to pursue modification after being advised by the court in January 2012 that a modification petition must be supported by a substantial change in circumstances. He also filed several additional unsupported motions to modify child support and a motion for contempt.

Baicy also challenges the May 16 order because it affirms the February 23 sanctions under both the contempt statute, RCW 7.21.030(3), and CR 11. Baicy claims that he lacked notice of a CR 11 violation and, therefore, had no opportunity to cure the violation by withdrawing his petition. Baicy admits, however, that Shay's trial court pleadings referred to CR 11. Moreover, Baicy fails to articulate prejudice. The commissioner imposed the sanctions based on contempt. The trial court on revision affirmed the sanctions, specifically under RCW 7.21.030. Because the trial court did not abuse its discretion in imposing sanctions for contempt, we need not address the ruling on reconsideration that CR 11 provides an additional basis for the sanctions imposed.

VI

Baicy filed supplemental notices of appeal designating the September 6, 2012 ex parte order permitting relocation and modifying the parenting plan and the November 7, 2012 order quashing his order to show cause and imposing

sanctions. Although Baicy now contends that the trial court should not have allowed Shay's relocation, he did not object within 30 days of receiving notice of the intended relocation. RCW 26.09.480(1). He therefore waived his right to challenge the relocation. See RCW 26.09.500 (if a party entitled to object fails to do so, "then the relocation of the child shall be permitted"). With respect to the November 7 order, Baicy claims the court was not authorized to sanction him for filing a motion to vacate an ex parte order. But the court's order clearly identifies the basis for sanctions: his violation of the court's May 16, 2012 order. He cites no authority to support his argument that the court lacked authority to impose sanctions after he violated the court's order. See Geonerco, Inc., v. Grand Ridge Props. IV, LLC, 159 Wn. App. 536, 544, 248 P.3d 1047 (2011) (noting trial court's authority to fashion and impose appropriate sanctions under its inherent authority to control litigation). It is clear from the court's order and the hearing on Shay's motion to quash that Baicy was provided with notice and the opportunity to respond.

Affirmed.

We concur:

13