# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | No. 50564-9-II |
| STEVEN WOLFE THOMPSON, | |
| Appellant/Cross-Respondent, | |
| v. | |
| ROBERT TEDDY THOMPSON, | UNPUBLISHED OPINION |
| Respondent/Cross-Appellant. | |

SUTTON, J. — Steven Wolfe Thompson and Robert Teddy Thompson jointly appeal from a superior court commissioner's order denying their joint CR 60 motion to vacate the 2014 decree of dissolution of their marriage. We affirm.

## FACTS

Steven and Robert[1] married in August 2008. In July 2014, Steven filed a petition to dissolve the marriage. Robert joined in the petition. In the joint petition, the Thompsons stated that they had no children and that they had already distributed their property and debt at the time of their separation. Neither party requested maintenance or any additional relief. In October 2014, a Clark County Superior Court commissioner found that the marriage was irretrievably broken and entered a decree of dissolution.

---

[1] Because the parties share the same last name, we refer to them by their first names when necessary to avoid confusion. We intend no disrespect.

In May 2017, after the Thompsons reconciled, they filed a "joint ex parte motion for order vacating decree of dissolution of marriage [and] dismissal with prejudice" and a "stipulation to vacate decree of dissolution of marriage [and] to dismiss with prejudice." Clerk's Papers (CP) at 69-70 (capitalization altered). They cited to CR 60(b)(6) and (11), and asserted that the decree of dissolution should be vacated because they had reconciled. After finding "no basis for vacating the decree under CR 60," the commissioner denied the motion to vacate the dissolution.[2] CP at 72.

The Thompsons moved to revise the commissioner's order denying the CR 60 motion, arguing that the commissioner should have granted the order because they had reconciled and had agreed that the decree should be vacated. The superior court denied the motion to revise.

The Thompsons jointly appeal.

## ANALYSIS

### I. STANDARD OF REVIEW

We review a trial court's denial of a CR 60(b) motion for a manifest abuse of discretion. *Haley v. Highland*, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). A trial court abuses its discretion when its "decision is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006) (quoting *Associated Mortgage Investors v. G.P. Kent Constr. Co.*, 15 Wn. App. 223, 229, 548 P.2d 558 (1976)). The

---

[2] The commissioner's order was an altered version of the proposed order the Thompsons submitted with their motion. In their assignments of error, the Thompsons assert that the commissioner erred when she "sua sponte alter[ed] the proposed agreed order." Br. of Appellant at 2-3. But they present no argument regarding whether the court can alter a proposed draft order, so we do not address this assignment of error. *West v. Thurston* County, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012).

abuse of discretion standard is also violated when a trial court bases its decision on an erroneous view of the law. *Mayer*, 156 Wn.2d at 684.

## II. EFFECT OF STIPULATION

The Thompsons argue that because there is a strong presumption in favor of allowing stipulated reversals, the commissioner should have granted their stipulated joint motion to vacate the decree of dissolution "absent 'extraordinary circumstances.'" Br. of Appellant at 5 (quoting *Neary v. Regents of the Univ. of California*, 3 Cal.4th 273, 834 P.2d 119 (1992)). But the case they rely on, *Neary*, is inapplicable here because that case addressed a joint agreement to settle a dispute and reversed a trial court judgment when the matter was still pending on appeal, and not when the matter was, as it is here, already final. 3 Cal.4th at 275, 277; *see* RCW 26.09.150(1) (decree of dissolution is final when entered if the parties did not appeal from the decree). Thus, *Neary* does not establish that the commissioner should have applied a presumption in favor of granting the parties' CR 60 motion made after the decree of dissolution was final or that the commissioner was required to grant the motion and vacate the decree absent extraordinary circumstances.

The Thompsons also argue that the commissioner erred by not granting the CR 60 motion and vacating the decree of dissolution because they stipulated to vacating the decree. The Thompsons rely on *Gustafson v. Gustafson*, 54 Wn. App. 66, 772 P.2d 1031 (1989), but *Gustafson* is not persuasive.

In *Gustafson*, Division One of this court vacated a stipulated dismissal of a party's indemnification claims after another court reversed the summary judgment order that had dismissed the underlying action. *Gustafson*, 54 Wn. App. at 74. Division One held that vacation

of the stipulated dismissal was appropriate under CR 60(b)(6) because it was not equitable for the stipulated dismissal to have prospective application when the stipulated dismissal had been made in reliance on a summary judgment order that no longer existed. *Gustafson*, 54 Wn. App. at 74. Here, unlike in *Gustafson*, the decree of dissolution does not rely on another court order that has subsequently changed.

Thus, the Thompsons do not cite to, nor can this court find, any authority that required the commissioner to grant the CR 60 motion or the stipulated motion to vacate the decree of dissolution solely because the Thompsons stipulated to the decree's vacation. Instead, we must examine whether the commissioner was required to vacate the decree of dissolution under CR 60(b)(6) or (11).

### III. CR 60(B)(6): NO PROSPECTIVE APPLICATION

The Thompsons argue that they were entitled to relief under CR 60(b)(6) because their reconciliation made it inequitable for the decree to have prospective application. Br. of Appellant at 6-7. We disagree.

CR 60(b)(6) allows relief from judgment when "it is no longer equitable that the judgment should have prospective application." "This provision allows the trial court to address problems arising under a judgment that has continuing effect 'where a change in circumstances after the judgment is rendered makes it inequitable to enforce the judgment.'" *Pac. Sec. Companies v. Tanglewood, Inc.*, 57 Wn. App. 817, 820, 790 P.2d 643 (1990) (quoting *Metropolitan Park Dist. v. Griffith*, 106 Wn.2d 425, 438, 723 P.2d 1093 (1986)). To succeed on their motion for relief under CR 60(b)(6), the Thompsons must, however, first meet the threshold requirement that the

judgment at issue has prospective application. *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995).[3] The Thompsons do not meet this burden.[4]

"'Virtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect . . . . That a court's action has continuing consequences, however, does not necessarily mean that it has prospective application for the purposes of [CR] 60(b)[(6)].'" *Maraziti*, 52 F.3d at 254 (internal quotations marks omitted) (quoting *Twelve John Does v. Dist. Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)). Prospective application exists only when the judgment is "'executory or involves the supervision of changing conduct or conditions.'" *Maraziti*, 52 F.3d at 254 (internal quotation marks omitted) (quoting *Twelve John Does*, 841 F.2d at 1139). A decree of dissolution that does nothing more than dissolve the marital relationship between two parties, such as the one at issue here, is not that type of order. The decree of dissolution, at least in this instance, is not executory nor does it involve the supervision of the parties' conduct or any changing conditions. Accordingly, the commissioner did not err when she found that the Thompsons did not demonstrate they were entitled to relief under CR 60(b)(6).

---

[3] "Washington courts look to federal cases interpreting federal counterparts to state court rules as persuasive authority when the rules are substantially similar." *Geonerco, Inc. v. Grand Ridge Properties IV, LLC*, 159 Wn. App. 536, 542, 248 P.3d 1047 (2011). Fed. R. Civ. P. 60(b)(5) is substantially similar to CR 60(b)(6). *Geonerco,* 159 Wn. App. at 542.

[4] In fact, the Thompsons do not address whether the decree of dissolution has prospective application.

## IV. CR 60(B)(11): No Extraordinary Circumstances

The Thompsons further argue that the commissioner should have granted relief under CR 60(b)(11). Again, we disagree.

Under CR 60(b)(11), the commissioner had the discretion to vacate the order for "[a]ny other reason justifying relief from the operation of the judgment." *In re Marriage of Furrow*, 115 Wn. App. 661, 673, 63 P.3d 821 (2003). But CR 60(b)(11) is "reserved for situations involving *extraordinary circumstances* not covered by any other section of CR 60(b)." *Furrow*, 115 Wn. App. at 673 (emphasis added). The extraordinary circumstances "must relate to 'irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings.'" *Furrow*, 115 Wn. App. at 674 (quoting *In re Marriage of Yearout*, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985)). And the application of CR 60(b)(11) must be balanced with the importance of finality. *See Shandola v. Henry*, 198 Wn. App. 889, 895, 396 P.3d 395 (2017).

Here, the Thompsons assert that their reconciliation is an extraordinary circumstance. In support of that argument, they cite *Ackermann v. United States*, 340 U.S. 193, 200, 95 L. Ed. 207, 71 S. Ct. 209 (1950). *Ackermann* is not persuasive.

The *Ackermann* court held that although vacation of a default order is proper when the party's failure to contest the prior action is due to circumstances outside of the party's control, vacation is not appropriate when the party's failure to appeal is "a considered choice" and the party does not establish that the failure to appeal is justifiable. 340 U.S. at 198. The court emphasized that "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann*, 340 U.S. at 198.

In this instance, not only was there no default order because Robert joined in the dissolution action, there are no extraordinary circumstances. When the decree of dissolution was entered, both parties were aware of the dissolution action and agreed to the dissolution. The fact that the Thompsons later reconciled does not mean that the decree itself was improper or defective in any way. *See In re Marriage of Moody*, 137 Wn.2d 979, 990, 976 P.2d 1240 (1999) (reconciliation alone does not invalidate decree of legal separation). In a dissolution action, a reconciliation is always a possibility and can easily be contemplated by parties. And the Thompsons do not assert that they did not enter into the decree voluntarily and knowingly, that it was not made with free choice, or that it was obtained by fraud. The fact that something that could have been contemplated by the parties has occurred, does not justify sacrificing the finality of litigation.

The Thompsons also rely on *Flannagan v. Flannagan*, 42 Wn. App. 214, 221, 709 P.2d 1247 (1985). In *Flannagan,* we addressed motions to reopen final decrees of dissolution that had not been appealed. 42 Wn. App. at 222. When the dissolution decrees were entered, a judicial decision prohibited the distribution of military retirement payments as part of community property. *Flannagan*, 42 Wn. App. 222. Twenty months later new federal legislation granted trial courts the discretion to include the division of military retirement payments in final dissolution decrees. *Flannagan,* 42 Wn. App. at 222. We held that this change in the law created circumstances that were sufficiently extraordinary to require reopening the judgments and reexamination of the final decrees. *Flannagan*, 42 Wn. App. at 222. But, as discussed above, the Thompsons do not direct us to any change of circumstances that was not wholly within their control, so *Flannagan* is not helpful.

The Thompsons also rely on *State v. Keller*, 32 Wn. App. 135, 140, 647 P.2d 35 (1982) and *Barr v. MacGugan*, 119 Wn. App. 43, 46, 78 P.3d 660 (2003). But these cases merely reiterate that CR 60(b)(11) authorizes vacation of judgments only "for reasons extraneous to the action of the court or for matters affecting the regularity of the proceedings" and for irregularities outside of the moving party's and the court's control. *Keller*, 32 Wn. App. at 140-41; *Barr*, 119 Wn. App. at 48. And whether to reconcile a relationship was entirely within the Thompsons' control.

The Thompsons additionally rely on *Suburban Janitorial Services v. Clarke American*, 72 Wn. App. 302, 863 P.2d 1377 (1993). But *Suburban Janitorial* involved an allegation that the default judgment was taken without the other party's knowledge and the party applied for relief promptly upon learning of the judgment. 72 Wn. App. at 308, 312. In this case, however, there was joinder. And there is no allegation that any party was unaware of the motion for dissolution or the resulting decree.

Here, there were no extraordinary circumstances outside of the Thompsons' control. Thus, the Thompsons fail to show that they were entitled to relief under CR 60(b)(11).

No. 50564-9-II

Because the Thompsons fail to establish grounds to vacate the decree of dissolution under CR 60(b)(6) or (11), the commissioner did not abuse her discretion when she denied the CR 60 motion. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, P.J.

BJORGEN, J.