# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

US BANK N.A., and its successors
in interest,

Respondent,

v.

MICHAEL E. HARKEY,

Appellant,

and

Unknown Spouse or Domestic Partner
Of Michael E. Harkey; Occupants of the
premises; and any persons or parties
claiming to have any right, title, estate
lien, or interest in the real property
described in the complaint.

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 71634-4-I
71635-2-I

DIVISION ONE

UNPUBLISHED OPINION[1]

FILED: July 27, 2015

LAU, J. — Michael Harkey appeals from various trial court orders denying his

motions challenging a 2011 default judgment entered against him in a declaratory relief

and quiet title action filed by US Bank after a 2008 nonjudicial foreclosure on Harkey's

property. He also appeals various orders entered in the related unlawful detainer action.

---

[1] No. 71634-4-I involves Harkey's appeal challenging the default judgment.
No. 71635-2-I involves Harkey's appeal of the related unlawful detainer action. We
address both appeals in this opinion.

Because Harkey failed to timely appeal from the default judgment, we affirm the trial court orders and dismiss Harkey's appeals.

## FACTS

The material facts are undisputed. In 2007, Michael Harkey borrowed $417,000 from U.S. Bank, N.A.,. To secure the loan, Harkey granted a deed of trust on his Camano Island property.

After three months, Harkey defaulted on the loan.[2] On April 30, 2008, US Bank initiated a nonjudicial foreclosure.

On December 8, 2008, the trustee sale was held. U.S. Bank successfully bid for the property and took title to the property by trustee's deed, which it recorded on December 12, 2008, in the Island County Auditor's Office.

In July 2010, U.S. Bank filed an action in Island County Superior Court to quiet title and for declaratory relief seeking 1) a declaratory judgment that the foreclosure sale was valid and final, 2) to quiet title to the property, and 3) a declaratory judgment that the deed of trust is prior to any other deed of trust, lien, or encumbrance. On January 10, 2011, the superior court granted US Bank's motion for leave to serve Harkey by publication after Harkey could not be found for personal service of the summons and complaint.

On April 7, 2011, the superior court entered an order granting US Bank's motion for default against Harkey.

---

[2] Harkey acknowledges that he made no payment due on January 1, 2008, or on any subsequent payments due.

On May 3, 2011, nearly 29 months after the trustee's sale, the superior court entered a default judgment against Harkey granting the relief US Bank requested in its complaint for declaratory relief and quiet title.[3]

On May 31, 2011, Harkey filed "motion to set aside default judgment and to suspend its operation" under CR 55, CR 60, and RCW 4.28.200. Clerk's Papers (CP) at 421. On June 22, 2011, the superior court entered an order denying Harkey's motion mainly because he failed to establish a prima facie defense to US Bank's claims. At the same time, the trial court issued a comprehensive letter ruling explaining the grounds and rationale for its denial of the motion.[4]

---

[3] Harkey never sought to restrain the trustee sale.

[4] After the court's June 22, 2011 order and letter ruling, Harkey filed a series of pleadings and motions, including three more motions to vacate the default judgment. He does not appeal the orders denying these additional motions to vacate the default judgment. This opinion addresses only the orders he designated in his notice of appeal.

In the court's March 20, 2012 letter to Harkey, the court summed up the state of Harkey's multiple pleadings and motions directed at essentially challenging the May 3, 2011 default judgment:

> On March 16, 2012, the court received what appear to be courtesy copies of your Notice for Special Hearing under CR 60(b) and RCW 59.18.380, Ex Parte Motion for Emergency Temporary Restraining Order re: Counter-Defendant's Motion of Default against Michael Harkey [sic].
>
> . . .
>
> In reviewing the file in this case, the court notes that on December 1, 2011, you filed a document entitled Rule 60(b) Motion to Vacate Judgment on Grounds of Fraud and Collusion/Conflict of Interest [sic]. On December 5, 2011, you filed a document entitled Preliminary Lawsuit Counter/Cross Complaint Rule 60(b) Motion to Vacate Judgment on Grounds of Fraud and Collusion/Conflict of Interest [sic], a document entitled Emergency Motion for Temporary Restraining Order; [TRO] Preliminary Injunction Request for Hearing [sic], and a document entitled Lis Pendens By Writ of Attachment As an Offer of Evidence, ER 103 As an offer of Proof, ER 103(2), Mandatory Judicial Notice, ER 201 (d)(3)(f) [sic]. On December 12, 2011, you filed a document entitled Declaration of Counter Plaintiff re: Island County Sheriff's Dept. [sic]. On February 27, 2012 you filed a document entitled EMERGENCY COMPLAINT RE:

Harkey did not appeal either the court's May 3, 2011 default judgment order or its May 31, 2011 order denying motion to set aside the default judgment. Harkey's 30 day time limit to file his notice of appeal from the May 3, 2011 default judgment expired on June 2, 2011.

On December 2, 2013, Harkey filed a motion to vacate the default judgment alleging the orders of default and default judgment were "procured by fraud" and the court did not have the benefit of several court opinions decided between 2012 to 2013. CP at 148.

On December 26, 2013, the superior court entered a comprehensive order denying Harkey's motion to vacate default and default judgment. The court's order stated, in part, "The current motion is Michael Harkey's fifth motion to vacate the default judgment." CP at 14.

On January 6, 2014, Harkey filed a motion for reconsideration under CR 59(a)(1) and CR 59(a)(7) requesting the trial court to reconsider "its rulings" because it lacked subject matter jurisdiction over the trustee's sale and the unlawful detainer action.[5]

---

FRAUDULENT FORECLOSURE ACTION involving M.E.R.S. SECURITIZATION T.R.O. re Writ of RESTITUTION ORDER TO SHOW CAUSE as an offer of Evidence, ER 103 As an Offer of Poof 103(2), Mandatory Judicial Notice, ER 201(d)(e)(f)[sic]. To the best of the court's knowledge, these matters have never been presented to the court on the ex parte calendar or scheduled for a hearing in the court.
CP at 280-381.
Throughout this litigation, Harkey has either represented himself or he has retained at least four different law firms to represent him.
[5] We address the unlawful detainer action below.

On February 19, 2014, the trial court denied Harkey's reconsideration motion.[6]

On March 5, 2014, Harkey, for the first time, filed a notice of appeal challenging the following orders:

1. [January 10, 2011] Order Authorizing Service by Publication
2. [April 7, 2011] Order Granting Plaintiff's Motion for Default as to Defendant Michael Harkey
3. [May 3, 2011 Default] Judgment
4. [June 21, 2011][7] Order Denying Defendant's Motion to Set Aside Default Judgment and To Suspend its Operations
5. [December 26, 2013] Order Denying Motion to Vacate Default and Default Judgment
6. [February 4, 2014] Order Denying Defendant's Motion to Reconsider
7. [February 19, 2014] Order Denying Defendant's Motion to Reconsider

CP at 1-2.

## ANALYSIS

Appealability

US Bank contends that Harkey's appeal of these orders is untimely because, "Harkey failed to file a notice of appeal until 34 months after final [default] judgment was entered against him. His appeal is untimely and must be dismissed." We agree.

A default judgment was entered against Harkey on May 3, 2011. This constituted a final appealable judgment in the lawsuit which triggered the running of the time period for Harkey to file his notice of appeal. RAP 2.2(a)(1). His appeal deadline expired on June 2, 2011. Harkey filed the first in a series of motions to set aside the default judgment on May 31, 2011, 28 days after entry of the final default judgment. The trial court denied the motion on June 22, 2011. He filed neither a motion to

---

[6] The February 19, 2014 order denying reconsideration superseded the earlier February 4, 2014 order denying reconsideration. See US Bank's response brief, footnote 14.

[7] This order was signed on June 21, 2011, but was filed on June 22, 2011.

reconsider this order nor a notice of appeal. Instead, over several years, he filed four more motions to set aside or vacate the default judgment. Harkey's serial motions to set aside or vacate the default judgment, whether styled as a motion to set aside the judgment or motion to reconsider, repeatedly asked for the same remedy—to vacate the default judgment.[8]

Generally, a notice of appeal must be filed within the longer of 30 days after: (i) entry of final judgment; or (ii) relevant here, motions made pursuant to CR 50(b), CR 52(b), or CR 59. RAP 5.2(a),(e). Harkey's first motion to set aside the default judgment filed on May 31, 2011, sought relief based on CR 55, CR 60, and RCW 4.28.200. Thus, under (ii) above, Harkey's motion was not one of the ones listed in RAP 5.2 that extends the notice of appeal time period. Therefore, this motion does not toll the time period for filing his notice of appeal challenging the default judgment.

The same analysis applies to Harkey's appeal of the trial court's December 26, 2013 order denying his December 2, 2013 motion to vacate the default and default judgment. That motion, filed five years after the trustee sale and nearly three years since the default judgment was entered, relied exclusively on various provisions under CR 60(b). Just as in his May 31, 2011 motion, Harkey's December 2, 2013 motion was not one of the ones listed in RAP 5.2 that extends the notice of appeal time period.

---

[8] Arguably, Harkey's serial repetitious motions to vacate the default judgment are in substance untimely motions to reconsider the default judgment order. With each motion challenging the default judgment, Harkey raised new claims and new theories. On a motion for reconsideration, a party may not propose new theories of the case that could have been raised before entry of the adverse decision. See Wilcox v. Lexington Eye Institute, 130 Wn. App. 234, 241, 122 P.3d 729 (2005).

Harkey relied on CR 60 in his May 31, 2011 and December 2, 2013 motions to vacate/set aside the default judgment. Under CR 60(b), a court may relieve a party from a final judgment, order, or other proceeding in limited situations provided in the rule. The purpose of the rule is to protect against injustices based on "reasons extraneous to the action of the court or for matters affecting the regularity of the proceedings." State v. Keller, 32 Wn. App. 135, 140, 647 P.2d 35 (1982). We review the trial court's decision on a CR 60 motion for an abuse of discretion. Stanley v. Cole, 157 Wn. App. 873, 879, 239 P.3d 611 (2010). "A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds." Stanley, 157 Wn. App. at 879. We may affirm the trial court on any basis supported by the record. Ha v. Signal Elec., Inc., 182 Wn. App. 436, 446, 332 P.3d 991 (2014).

It is well settled that an appeal from the denial of a CR 60(b) motion is not a substitute for an appeal and is limited to the propriety of the denial, not the impropriety of the underlying order. In re Dependency of J.M.R., 160 Wn. App. 929, 938 n.4, 249 P.3d 193 (2011). In other words, an unappealed final judgment cannot be restored to an appellate track by moving to vacate the judgment and then appealing the denial of that motion. State v. Gaut, 111 Wn. App. 875, 881, 46 P.3d 832 (2002). This is so because the "exclusive procedure to attack an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60(b) motion." Bjurstrom v. Campbell, 27 Wn. App. 449, 451, 618 P.2d 533 (1980).

Nor may Harkey revive his appeal right merely by repeatedly filing motions to vacate/set aside the default judgment and then filing motions to reconsider raising new claims and theories with each new motion. As the trial court observed when Harkey

filed his fifth motion to vacate the default judgment, "the [December 2, 2013] motion is Michael Harkey's fifth motion to vacate the default judgment entered on May 3, 2011." The court properly recognized that "the law does not permit piecemeal motions, such as . . . five separate motions to vacate." CP at 16.

Harkey concedes that piecemeal litigation should be "avoided," but argues nonetheless, that under the circumstances he should not "be faulted by raising his issues when he raised them."[9] Br. of Appellant at 35.[10] He cites no controlling authority, under the unique circumstances presented here, that sanctions the practice of filing repeated serial motions attacking the merits of a default judgment years after the time for appeal expired. We decline to consider arguments unsupported by citation to authority.[11] RAP 10.3(a)(5); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d (1992).

Harkey filed his notice of appeal on March 4, 2014 nearly three years after the trial court entered a default judgment against him. Because none of his subsequent motions challenging the default judgment tolled, extended, or revived the time period for filing a notice of appeal, his appeal is time barred.

Harkey also argues that the trial court lacked subject matter jurisdiction to enter the default judgment because it was based on an invalid trustee's sale. He is mistaken. Subject matter jurisdiction is a court's authority to adjudicate a type of case involved in

---

[9] The record is silent as to Harkey's rationale for not filing a timely notice of appeal challenging the default judgment.

[10] Harkey cites Lenk v. Dep't of Labor & Indus., 3 Wn. App. 977, 986, 478 P.2d 761 (1970), for this proposition. This case is not applicable.

[11] Given our resolution, we need not address Harkey's remaining contentions.

-8-

an action. <u>Buecking v. Buecking</u>, 179 Wn.2d 438, 447-48, 316 P.3d 999 (2013). The Washington Constitution provides that the superior court has original jurisdiction in "all cases at law which involve the title or possession of real property. . . ." CONST. art. IV, § 6. The present matter involves a dispute involving the title or possession of real property. Thus, the superior court had subject matter jurisdiction in this case. This claim fails.[12]

<u>Unlawful Detainer Action (No. 71635-2-I)</u>

Harkey devotes two paragraphs in his brief to an unlawful detainer action filed by U.S. Bank. He makes two brief arguments: (1) a challenge to the "John Doe" designation even though U.S. Bank knew his name, and (2) the foreclosure was improper, so the unlawful detainer action is invalid.

During the foreclosure litigation, U.S. Bank initiated unlawful detainer proceedings in December 2011 to eject any tenants from the foreclosed property. It unsuccessfully attempted to personally serve Harkey with the summons and complaint between October 26, 2011, and November 2, 2011, at the property.

On December 8, 2011, U.S. Bank filed the summons and complaint in Island County Superior Court and moved for permission to serve by publication. Its motion stated that it had attempted service at the property on six separate occasions. The motion stated that the summons and complaint had been mailed to the property and posted at the property address. In the complaint, U.S. Bank stated that "[t]he

---

[12] The subject matter jurisdiction claim also fails because his appeal challenging the trustee sale is untimely and he failed to timely exercise the statutory remedies available under RCW 61.24.

defendants occupying the subject property are believed to be tenants of the former owner, MICHAEL HARKEY." CP at 338. The complaint named "Jane Doe, John Doe, AND ALL OCCUPANTS OF THE PREMISES LOCATED AT 48 Thunder Road, Camano Island, WA 98282." CP at 338.

The following day, on December 9, the court authorized service by publication. The court granted U.S. Bank's motion for default and issuance of a writ of restitution on February 3, 2012.

Harkey filed simultaneous motions to set aside the default judgment in both the quiet title and unlawful detainer proceedings.[13] The trial court denied Harkey's motions in its December 26, 2013, order discussed above.

Harkey argues that "naming defendant 'John Doe' though [U.S. Bank] knew Harkey's name and interest was unreasonable on its face." Br. of Respondent at 36. He cites to Bresina v. Ace Paving Co., Inc., 89 Wn. App. 277, 282, 948 P.2d 870 (1997) but provides no discussion or analysis of that case. Harkey also fails to discuss why the "John Doe" designation was improper under the circumstances. We generally do not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful legal analysis. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (issues unsupported by adequate argument and authority).

---

[13] This motion is not included in the record for case No. 71635-2-I, but appears in the record for the quiet title action discussed above.

Our resolution in the quiet title appeal disposes of Harkey's challenge to the unlawful detainer action premised on an alleged improper trustee's sale.[14]

CONCLUSION

For the reasons discussed above, Harkey's appeal is untimely as to his quiet title appeal, No. 71635-2-I and his unlawful detainer appeal, No. 71634-4-I. We affirm the trial court orders and dismiss Harkey's appeal.

WE CONCUR:

------

[14] Harkey acknowledges that the unlawful detainer brief is identical to the brief he filed in the quiet title appeal.