[No. 38562. Department One. June 9, 1966.]

MARIE'S BLUE CHEESE DRESSING, INC., *Respondent*, v. ANDRE'S BETTER FOODS, INC., *et al.*, *Appellants*.*

*Joseph J. Carr, James D. Sawyer*, and *Max R. Nicolai*, for appellants.

*Reported in 415 P.2d 501.

*Wettrick, Toulouse, Lirhus & Hove* and *Arnold J. Barer,* for respondent.

HUNTER, J.—This cause must be remanded for trial on procedural grounds. Since we do not reach the merits, it is not necessary to detail the facts other than the procedural steps taken and the dates of the judgment and orders entered by the trial court.

After trial before the court sitting without a jury, judgment was entered on August 10, 1965, in favor of the plaintiff (respondent), Marie's Blue Cheese Dressing, Inc., enjoining the defendant (appellant), Andre's Better Foods, Inc., and other named defendants, from engaging in the production, sale and distribution of any mayonnaise-based blue cheese dressing under the name of "Andre's Blue Cheese Dressing," or any other names, and from disclosing any confidential information constituting the formula and method of production of the product known as "Marie's Blue Cheese Dressing." Motion for a new trial was timely filed by the defendants. An order granting the defendants a new trial was entered on August 20, 1965. No appeal was taken therefrom within 15 days thereafter, as allowed by Rule on Appeal 33(1)(b), RCW vol. 0. On September 10, 1965, plaintiff filed a motion for a reconsideration of the order granting the defendants a new trial. On September 17, 1965, the court reinstated the original judgment of August 10, 1965, and vacated the order which granted a new trial. The defendants appeal from the September 17, 1965 order.

The defendants contend that the trial court lost jurisdiction to change its order of August 20th granting the defendants a new trial, there having been no appeal therefrom within 15 days after the entry of the order under Rule on Appeal 33(1)(b), *supra.*

The plaintiff on the other hand contends that the trial court has jurisdiction under RCW 4.32.240 to vacate or modify the order granting a new trial on the ground of correcting a mistake.

The plaintiff points out that the court stated it had overlooked certain testimony when the order of August 20, 1965, granting the defendants a new trial, was entered; that when it was brought to the court's attention by the plaintiff that this testimony was overlooked, the trial court corrected this mistake by vacating the order granting a new trial and reinstating the original judgment. The plaintiff contends the trial court was entitled to take such action under RCW 4.32.240.

This statute does not authorize a court to correct its own mistakes, but it applies only to the modification of judgments or orders entered against a party through *his* own mistake, inadvertence, surprise or excusable neglect.

The plaintiff further contends that the court has inherent power to correct its own mistakes of fact, seeking to distinguish those cases in which this court has held that trial courts have no inherent power to correct errors of law. Plaintiff's choice of terminology indicates some confusion concerning the lines of distinction which have been drawn in this area. The distinction is not between mistakes of fact and mistakes of law, but between errors of law and irregularities which are extraneous to the action of the court or *go to the question of the regularity of its proceedings.* In *Kern v. Kern,* 28 Wn.2d 617, 619, 183 P.2d 811 (1947), we said:

> "The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, . . ." 1 Black on Judgments (2d ed.) 506, § 329.

This court adheres to that rule.

See also, Trautman, "Vacation and Correction of Judgments in Washington," 35 Wash. L. Rev. 505, 515.

It is clear that the error the trial court sought to correct was not "something extraneous to the action of the court or [going] only to the question of the regularity of its proceedings."

 The plaintiff further argues that the granting of an order for a new trial is not a final order and the trial court has the inherent power to modify or vacate an order granting a new trial, citing 61 A.L.R.2d 643, 644, 645:

[I]t appears evident that, absent constitution or statute to the contrary, a court of record or of general jurisdiction has power to vacate or modify its mere orders in a cause, at least during the term at which they were rendered, and most particularly may during the term vacate or modify an order granting a new trial, since in its very nature such an order leaves the entire cause before the court.

This is not the rule in Washington. In *Coyle v. Seattle Elec. Co.,* 31 Wash. 181, 184, 71 Pac. 733 (1903), we said:

Our superior courts have not terms fixed by statute, but are courts of continuous session. . . . the court observed in *Burnham v. Spokane, supra* [18 Wash. 207, 51 Pac. 363], that the former case came squarely within the provisions of § 4953, Ballinger's Code, providing for relief in case of mistake, inadvertence, surprise, or excusable neglect, and refused to follow it where the action of the court below was merely to pass upon a question of error. The statute provides that the trial court may vacate its judgments and orders for the reasons above enumerated, but there is no statute authorizing a trial court to review and vacate its judgments for what it may deem to be mere error. . . . The first order entered upon the motion for new trial was a judgment; not the final judgment in the case, to be sure, but it was final upon that subject, was appealable under the statute, and under *Burnham v. Spokane, supra,* could only be corrected for mere error by appeal. That case must be decisive of this one, and it must be held that it was error to enter the last judgment upon the motion for new trial.

The trial court could not correct its own error after the time for appeal from the entry of the order had expired. The order granting a new trial was final for all purposes except as to the trial court's jurisdiction to hear the case at the new trial thereof and matters relating thereto.

The order of September 17th, reinstating the original judgment of August 10th, is reversed; the order granting a

new trial is reinstated, and the cause is remanded therefor for a new trial.

Costs will abide the final determination of the cause.

ROSELLINI, C. J., OTT, J., and LANGENBACH, J. Pro Tem., concur.

HILL, J., concurs in the result.

*Reported in 415 P.2d 627.