[No. 10098–0–I.   Division One.   June 7, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JERRY LEE KELLER, *Appellant.*

---

*Ray Thoenig* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David Smith, Deputy,* for respondent.

CALLOW, J.—Jerry Lee Keller appeals from a juvenile court order reinstating his prosecution for burglary in the first degree, burglary in the second degree, and possession of stolen property in the third degree, after the same juvenile court judge had dismissed the case with prejudice due

to unreasonable delay in referring the case to the court. Two issues are presented:

1. Was the juvenile court judge entitled to reconsider his decision on his own motion after final judgment of dismissal was entered?

2. Was the defendant denied a speedy trial?

During the fall of 1980, while completing a juvenile court diversion agreement for obstructing a police officer and minor in possession of alcohol, the defendant was suspected of involvement in two King County burglaries and of possessing stolen property. The relevant dates and events are set forth in this chart:

| Date of Crime | Crime | Police Report Completed | Case Referred to Prosecutor | Case Screened Sufficient | Date Defendant Charged |
|---|---|---|---|---|---|
| 10–23–80 | Burg. 2 | 11–17–80 | 11–19–80 | 1–14–81 | 2–3–81 |
| 10–24–80 | P.S.P. 3 | 12–1–80 | 12–5–80 | 12–23–80 | 2–2–81 |
| 11–21–80 | Burg. 1 | 11–24–80 | 12–4–80 | 12–23–80 | 2–2–81 |

In addition, the State rescinded the diversion agreement and charged the defendant with obstructing a police officer and minor in possession of alcohol. On March 9, 1981, a hearing was held on the defendant's motion to dismiss for unreasonable delay in filing charges. The motion was brought pursuant to King County Local Juvenile Court Rule (LJuCR) 7.14(b), which provides:

(b) To Dismiss for Delay in Referral of Offense. The court may dismiss an information if it is established that there has been an unreasonable delay in referral of an offense to the court. For purposes of this rule, a delay of more than two weeks from the date of the completion of the police investigation of the offense to the time of receipt of the referral by the prosecutor shall be deemed prima facie evidence of an unreasonable delay. Failure to comply with this rule shall constitute an affirmative defense which must be raised by motion not less than one week before trial. Cause for delay may be shown by affidavit.

In its affidavit the State explained that "this cause was purposefully held in [the prosecutor's] office so that it could

be screened with other referrals concerning the respondent." At the hearing the State argued that, given the disruption of the holiday season and a heavy turnover of clerical help, the delay was excusable. The court found the 2–month delay unreasonable, dismissed all charges, and released the defendant from custody.

THE COURT: . . . I previously ruled on a similar MOTION on one prior case, and my attitude then was that I was not inclined to accept holidays or Word Processing problems as a sufficient excuse and haven't changed my mind. I think a 6–week delay is too long, and 6 to 8 weeks I think it is exacerbated in the case of MINOR in POSSESSION AND OBSTRUCTING, but the MOTIONS will be granted on all charges.

The following day, after entry of final judgment of dismissal, the court indicated to the State that it desired to review the matter and the State duly moved for reconsideration. The defendant objected, arguing that no court rule authorized reconsideration. The court held that a rule was unnecessary.

THE COURT: Well, my problem with your argument is that the absence of a Rule making provision for RECONSIDERATION does not to me reasonably preclude in certain circumstances the RECONSIDERATION of an item. I think that the questions that would prevent the Court from dealing with that issue are questions that would arise perhaps over issues of double jeopardy, or the like. I don't find, at least from my consideration of the issue, the ruling yesterday is of such a nature as to present that kind of issue. I think the matter has been initiated by the Court for purposes of inviting a MOTION FOR RECONSIDERATION promptly in respect to the time of the ruling, and I therefore intend to reconsider the matter.

After continuing the matter for additional briefing, the court on March 24, 1981, held that, while the delay was long, dismissal with prejudice was not warranted. It construed LJuCR 7.14(b) as conferring discretion upon the court whether to dismiss or not, and determined that, since the defendant was not prejudiced by the delay, he would proceed with trial on all charges except obstructing and

minor in possession. The defendant was convicted of burglary in the first and second degrees by a juvenile court commissioner.

The defendant contends that the vacation of criminal judgments is governed by CR 60(b) and that the court has no inherent power beyond the rule to vacate or modify its final judgments. He argues that none of the grounds enumerated by the rule were stated by the court as a reason for reconsideration, and it therefore lacked authority to vacate its prior order of dismissal. The State replies that the court has authority to reconsider its orders of dismissal by virtue of CR 59, on the ground that the substantial right of the State to have the case heard on its merits was denied the State. In *State ex rel. Lundin v. Superior Court,* 90 Wash. 299, 302, 155 P. 1041 (1916), we find:

> [A] trial court has no power to vacate or modify its final judgment after the announcement and the proper final entry thereof, in the absence of a showing of some statutory ground for such vacation or modification . . .

Relief from judgments and orders in both civil and criminal cases is governed by CR 60(b), which supersedes RCW 4.72.010. *State v. Scott,* 92 Wn.2d 209, 595 P.2d 549 (1979); *State v. Sampson,* 82 Wn.2d 663, 513 P.2d 60 (1973). There is no authority for the State's contention that CR 59, dealing with new trials and amendment of judgments, applies to criminal cases. New trials or arrest of judgments in criminal cases is governed by the provisions of CrR 7.4.[1]

The grounds authorized by CR 60(b) are inapplicable to this case, with the possible exception of CR 60(b)(11):

> **(b)** . . . On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the fol-

---

[1]CrR 7.4(a) provides that

"Judgment may be arrested on the motion of the defendant for the following causes: (1) Lack of jurisdiction of the person or offense; (2) the indictment or information does not charge a crime; or (3) insufficiency of the proof of a material element of the crime."

lowing reasons:

. . .

(11) Any other reason justifying relief from the operation of the judgment.

■  Relief pursuant to CR 60(b)(11) should be confined to situations involving extraordinary circumstances not covered by any other section of the rule. *State v. Scott,* 20 Wn. App. 382, 580 P.2d 1099 (1978), *aff'd,* 92 Wn.2d 209, 595 P.2d 549 (1979); *see also Klapprott v. United States,* 335 U.S. 601, 93 L. Ed. 266, 69 S. Ct. 384 (1949). Errors of law are not correctable through CR 60(b); rather, direct appeal is the proper means of remedying legal errors.

Appellant's arguments are directed chiefly to errors of law which are thought to have been committed in entering the original judgment now sought to be vacated. We have too often held that such a proceeding as this cannot be used as a means for the court to review and revise its own final judgment . . .

*Hurley v. Wilson,* 129 Wash. 567, 568, 225 P. 441 (1924).

CR 60(b) does not authorize vacation of judgments except for reasons extraneous to the action of the court or for matters affecting the regularity of the proceedings. *Marie's Blue Cheese Dressing, Inc. v. Andre's Better Foods, Inc.,* 68 Wn.2d 756, 415 P.2d 501 (1966).

[I]rregularities justify vacation whereas errors of law do not. For the latter the only remedy is by appeal from the judgment. The power to vacate for irregularity is not to be used by a court as a means to review or revise its judgments or to correct mere errors of law into which it may have fallen. . . .

. . .

. . . Viewing the problem more generally it appears that an irregularity is regarded as a more fundamental wrong, a more substantial deviation from procedure than an error of law. An irregularity is deemed to be of such character as to justify the special remedies provided by vacation proceedings, whereas errors of law are deemed to be adequately protected against by the availability of the appellate process. Other than that, the most that can be said is that it must be left for the court in each instance to classify.

(Footnote omitted.) Trautman, *Vacation and Correction of Judgments in Washington,* 35 Wash. L. Rev. 505, 515 (1960).

The "any other reason" language of CR 60(b)(11) is thus not a blanket provision authorizing reconsideration for all conceivable reasons. The reasons permitted by CR 60(b)(11) must relate to "irregularities which are extraneous to the action of the court or go to the question of the regularity of its proceedings." *Marie's Blue Cheese,* at 758.

Here the trial court desired to reconsider the matter to resolve three legal disputes as to the meaning of LJuCR 7.14(b): (1) whether the question of unreasonable delay applies to police delay only or to delay in the prosecutor's office;[2] (2) whether the defendant must show prejudice due to the delay; and (3) whether the rule authorizes sanctions less severe than dismissal for unreasonable delay, such as releasing the defendant from custody pending trial. These are legal matters which should have been raised and considered at the initial hearing, and which are beyond the scope of CR 60(b). The proper remedy after the judgment of dismissal was entered was for the State to appeal; instead it moved for reconsideration. The parties briefed and argued legal issues pertaining to the rule, and the court revised its legal conclusions when it reversed itself and reinstated the charges. That is not the proper function of motions to vacate and the court erred in so doing. *Marie's Blue Cheese Dressing, Inc. v. Andre's Better Foods, Inc., supra.*

Reinstatement of the order of dismissal leaves unresolved the issue of whether the dismissal is with or without prejudice, possibly permitting the State to refile charges against the defendant. Unlike CrR 3.3 or JuCR 7.8, which specifically hold that violation of the speedy trial rule requires dismissal with prejudice, LJuCR 7.14(b) does not specify

---

[2] Unreasonable prosecutorial delay in bringing a defendant to trial can result in dismissal absent a showing that the delay was excusable. *State v. Sonneland,* 80 Wn.2d 343, 494 P.2d 469 (1972).

whether dismissal must be with or without prejudice. We hold that RCW 10.43.010[3] bars the refiling of charges for misdemeanors or gross misdemeanors but permits a renewed prosecution for felony offenses.

RCW 10.46.090 and CrR 8.3 permit a court to dismiss criminal prosecutions "in the furtherance of justice."[4] The court rule supersedes the statutes "only insofar as court rules conflict with them". *State v. Cummings,* 87 Wn.2d 612, 617, 555 P.2d 835 (1976). A defendant may move to dismiss under RCW 10.46.090. *State v. Sonneland,* 80 Wn.2d 343, 494 P.2d 469 (1972); *State v. Olander,* 8 Wn. App. 563, 509 P.2d 60 (1973). We find that LJuCR 7.14(b) does not supersede but instead complements RCW 10.46-.090 by directing that justice is furthered by dismissing cases where there has been unreasonable delay in referring juvenile offenders to the court. RCW 10.43.010 is similarly not superseded by any juvenile court rule and controls the State's power to refile an information against a juvenile.[5]

The defendant's final challenge is to the trial court's interpretation of JuCR 7.8(b), the juvenile court speedy trial rule. Although the issue need not be resolved in light of our disposition of the case, it presents a question which could reoccur if new charges are filed in this case.

---

[3]RCW 10.43.010 provides:

"An order dismissing a prosecution under the provisions of RCW 10.37.020, 10.46.010, and 10.46.090 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor; but in no other case shall such order of dismissal bar another prosecution."

[4]There is a dispute in other jurisdictions over the power of the court to dismiss criminal prosecutions for delay in bringing a defendant before the court where such delay is not of constitutional proportions. *Compare United States v. Furey,* 514 F.2d 1098 (2d Cir. 1975) *and United States v. Simmons,* 536 F.2d 827 (9th Cir. 1976) *with State v. Braunsdorf,* 98 Wis. 2d 569, 297 N.W.2d 808 (1980). We are controlled by *State v. Sonneland,* 80 Wn.2d 343, 494 P.2d 469 (1972), which held that unreasonable delay is ground for dismissal in this state.

[5]As applied to this defendant, RCW 10.43.010 would bar only the refiling of the charge of possession of stolen property in the third degree, which is a gross misdemeanor. RCW 9A.56.170.

JuCR 7.8(b) requires trial within 30 days of arraignment if the defendant "is held in detention pending the adjudicatory hearing," and within 60 days otherwise. After his arraignment on February 17, 1981, the defendant was released on March 9 when the charges were dismissed. Apparently, he was not returned to custody after the charges were reinstated and was tried 55 days after his arraignment. At issue is which time limit applies in the case of a person released from custody before trial.

█ The purpose of speedy trial rules is to assure that criminal matters are resolved while they are fresh. This is especially important in the handling of juvenile offenders, and undoubtedly part of the reason why juvenile criminal matters must be tried sooner than adult criminal matters. Delay produced unjust results prior to adoption of the speedy trial rules.

> Witnesses became unavailable, memories dimmed, evidence disappeared, and charges were required to be reduced or dismissed.

*State v. White*, 94 Wn.2d 498, 502, 617 P.2d 998 (1980).

A defendant released from custody after arraignment and before trial suffers none of the disabilities mentioned in *White* if trial occurs within 60 days of arraignment. The 30–day rule applies only when the defendant is held in custody the entire time pending trial. There was no violation in this case.

The judgment is reversed and the order of dismissal reinstated.

SWANSON and CORBETT, JJ., concur.

Reconsideration denied July 20, 1982.