# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

GENE ALFRED PALMER II,

Appellant,

v.

KING COUNTY, a municipal corporation, KING COUNTY PROSECUTOR'S OFFICE, a subdivision of King County, a municipal corporation; SEATTLE POLICE DEPARTMENT, a subdivision of City of Seattle, a municipal corporation; and JOHN and JANE DOES 1 through 50 inclusive,

Respondents.

No. 77557-0-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 4, 2019

MANN, A.C.J. — Gene Palmer II appeals pro se the trial court's order denying his second CR 60(b) motion to vacate orders of summary judgment. Because his motion was not filed within a reasonable time as required by CR 60(b), we affirm the trial court.

I.

In May 2015, Palmer filed suit against King County and the City of Seattle's Police Department (City) alleging violations of the Public Records Act (PRA), chapter 42.56 RCW. Both King County and the City filed summary judgment motions to dismiss Palmer's lawsuit. On May 6, 2016, the trial court granted those motions and entered

orders of dismissal. In relevant part, the trial court found that King County had "conducted adequate and reasonable searches to determine whether it possessed any records responsive to [Palmer's] public disclosure requests and having found none, [King County] has no legal obligation to produce a record the agency does not have or no longer exists."

On June 6, 2016, Palmer filed his first CR 60(b) motion to vacate the summary judgment orders based on the discovery of new evidence. On July 22, 2016, the trial court denied this motion, finding that Palmer had not

> submitted evidence sufficient to satisfy the legal standard of CR 60(b)(3) . . . based on newly discovered, material evidence that could not have been discovered with due diligence prior to the court granting King County's and the City of Seattle's motion[s] for summary judgment . . . [and had] not submitted evidence that gives the court any other reason justifying relief from the operation of the dismissal order pursuant to any other provision of CR 60(b).

Palmer did not appeal the denial of his first CR 60(b) motion.

On June 6, 2016, Palmer also appealed the trial court's summary judgment orders to this court. He later abandoned that direct appeal and this court issued a mandate terminating review on May 5, 2017.

Then, on September 5, 2017, Palmer filed a second CR 60(b) motion.[1] As grounds for his relief, Palmer claimed that he had recently discovered new evidence about two King County prosecuting attorneys who had been involved in his underlying PRA lawsuit. He asked the trial court to issue a new case schedule and trial date based

---

[1] Palmer says his second CR 60(b) motion was "actually hand-delivered by [his] wife to the [trial judge's clerk] before 5/5/17—less than a year before the anniversary of the 5/6/16 summary judgment order." The record does not support his claim. Instead, the record shows that he executed the second motion and related documents on August 26, 2017.

on the allegation that the two King County attorneys were under indictment in United States District Court for the District of Columbia for "conspiracy, making false statements, obstruction of justice, slander, defamation, perjury, and under 18 U.S.C. Title 101 Section 2071 regarding destroying records." Although Palmer submitted several documents to support his allegations, he did not submit anything to show that indictments had been filed against the two King County attorneys.

King County opposed Palmer's second motion to vacate and presented evidence of search results of federal court dockets revealing that neither of the two King County attorneys were under indictment. Similarly, in its opposition, the City filed a declaration indicating that no indictments against the two attorneys were pending in any federal court. The trial court denied Palmer's second CR 60(b) motion on September 26, 2017.[2]

Palmer appeals.

## II.

### A.

Preliminarily, we address the scope of this court's review.[3] RAP 5.2(a) requires filing a notice of appeal within "30 days after entry of the decision of the trial court that the party filing the notice wants reviewed." Additionally, RAP 5.3(a)(3) requires the notice of appeal to designate the decision which the party wants reviewed. Palmer's

---

[2] There is a scrivener's error in the order denying plaintiff's motion for relief from orders granting summary judgment and dismissal of case. The order states, in relevant part: "Also having considered the records and files herein, and finding that the defendant's motion should be denied: Now therefore it is hereby ordered, adjudge, and decreed that the defendant's motion is denied." It is the plaintiff's, not the defendant's motion that was denied. See Clerk's Papers at 315-16.

[3] Palmer has elected to proceed pro se. Pro se litigants are held to the same rules of procedure and substantive law as attorneys. Patterson v. Superintendent of Public Instruction, 76 Wn. App. 666, 671, 887 P.2d 411 (1994).

- 3 -

notice of appeal designates only the September 2017 order denying his second CR 60(b) motion as the decision to be reviewed.[4]  His briefing, however, sets forth two additional challenges—both continuing to challenge the trial court's dismissal of his PRA lawsuit—that he now wants to pursue on appeal.[5]

Contrary to Palmer's belief, his appeal of the denial of his second CR 60(b) motion does not allow him to raise issues about the underlying summary judgment orders.  This is so because an "appeal from denial of a CR 60(b) motion is limited to the propriety of the denial [and] not the impropriety of the underlying judgment." Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).  The scope of this appeal is limited to the propriety of the trial court's September 2017 order denying Palmer's second CR 60(b) motion.  Thus, we will not address Palmer's additional challenges.

B.

The decision to grant or deny a motion to vacate an order under CR 60(b) is within the trial court's discretion.  Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013).  "An abuse of discretion occurs when a decision is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006) (quoting Associated Mortg. Inv'rs v. G.P. Kent Constr. Co., 15 Wn. App. 223, 229, 548 P.2d 558 (1976)).

---

[4] While Palmer's notice of appeal also seeks review of "all court orders prior in the case and subsequent orders and judgments," he does not designate any other orders that he wants this court to review.  His attempt to identify "all court orders" for review does not comport with the rules governing appeals to this court.  See RAP 5.2(a) and 5.3(a).

[5] Palmer's additional challenges are: (1) the trial court erred in denying him monetary damages that he was purportedly due from his PRA lawsuit and (2) the trial court was biased and discriminated against him for having bipolar disorder.

CR 60(b) instructs that a "court may relieve a party . . . from a final judgment, order, or proceeding" under specified circumstances. This rule exists to avoid injustices based on "reasons extraneous to the action of the court or for matters affecting the regularity of the proceedings." State v. Keller, 32 Wn. App. 135, 140, 647 P.2d 35 (1982). Although not exactly clear, Palmer's briefing suggests that he is relying on CR 60(b)(3), (4), and (11) as the grounds for his relief.[6] These provisions provide, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (3) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b);
>
> (4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> . . .
>
> (11) Any other reason justifying relief from the operation of the judgment.

CR 60(b)(3)-(4) and (11).

CR 60(b) motions under any of these subsections must be timely filed. Motions for relief based on CR 60(b)(3) (newly discovered evidence) must be filed within a reasonable time and not more than one year from the date of the challenged order or judgment. Luckett v. Boeing Co., 98 Wn. App. 307, 310, 989 P.2d 1144 (1999). CR 6(b) prohibits enlargement of time under CR 60(b). Therefore, this time limit must be strictly followed.

---

[6] In his opening brief, Palmer does not cite any CR 60(b) subsections. His "newly discovered evidence" arguments, however, suggest that he is relying on CR 60(b)(3). In his reply brief, Palmer cites CR 60(b)(4) and (11) to support his position.

Motions for relief based on CR 60(b)(4) (fraud) and (11) (any other reason justifying relief) must be filed within a reasonable time from the date of the challenged judgment, order, or proceeding. Luckett, 98 Wn. App. at 311. The determination of "reasonable time" depends on the particular circumstances of each case. Luckett, 98 Wn. App. at 312. "The critical period in the determination of whether a motion to vacate is brought within a reasonable time is the period between when the moving party became aware of the judgment and the filing of the motion." Luckett, 98 Wn. App. at 312. Considerations in determining a CR 60(b) motion's timeliness are prejudice to the nonmoving party and whether the moving party has good reasons for failing to take appropriate action sooner. Luckett, 98 Wn. App. at 312-13.

Here, the record is clear that Palmer filed his second CR 60(b) motion to vacate the May 2016 summary judgment orders 16 months after those orders were entered. To the extent Palmer's motion was based upon CR 60(b)(3) grounds, it was filed well beyond the one-year time limit. Because his second CR 60(b)(3) motion was untimely, we hold that the trial court did not abuse its discretion in denying it.

Palmer claims that his motion on CR 60(b)(4) and (11) grounds was filed within a reasonable time. On this point, Palmer argues that "the four months beyond one year for [his] CR 60 motion is more than reasonable given the outrageous acts of defendants in prejudicing justice in the case." Yet Palmer does not offer any coherent arguments regarding his inability to file these claims sooner. Nor does he attempt to distinguish the "newly discovered evidence" upon which his first CR 60(b) motion was based from the "newly discovered evidence" upon which his second CR 60(b) motion was based.

Based on his own declaration, Palmer was aware of the purported indictments and fraudulent activity on May 4, 2016.

This case is factually similar to Luckett. There, Luckett's counsel waited four months before filing a motion to vacate a dismissal order. Luckett, 98 Wn. App. at 313. Even though the delay did not cause the any demonstrable prejudice to the other party, the court concluded that Luckett's motion was not filed within a reasonable time because he had not shown a good reason for the delay. Luckett, 98 Wn. App. at 313. Here, Palmer's 16-month delay in filing his second CR 60(b) motion was lengthier than the delay in Luckett. Also like Luckett, Palmer has no justifiable excuse for the lengthy delay in filing his motion to vacate. The Luckett court also recognized that while there is a preference for resolving cases on their merits, it noted that the timely pursuit of available remedies is generally a prerequisite to application of that preference. Luckett, 98 Wn. App. at 313-14.

Under the circumstances, we hold that Palmer's second motion to vacate was not filed within a reasonable time and that the trial court did not abuse its discretion in denying it on CR 60(b)(4) and (11) grounds.

### C.

Palmer requests attorney fees and costs on appeal. We deny Palmer's request because he is not the prevailing party on appeal.

We affirm.

_Mana, A CJ_

WE CONCUR:

_Chun, J._

_Dwyr, J._