**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 80504-5-I |
| | ) | |
| GLORY MARTIN JAYAGARAN, | ) | |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| and | ) | |
| | ) | |
| SUNITA JAYAGARAN, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent. | ) | |
| | ) | |

MANN, C.J. — Glory Jayagaran appeals the trial court's order declaring a divorce judgment and decree entered by a court in India invalid and unenforceable under Washington law due to lack of personal service on his wife, Sunita.[1] Glory also challenges the trial court's denial of his CR 60 motion to vacate.[2] We affirm.

I.

In February 1997 Glory and Sunita moved to Washington from India. They briefly returned to India to be wed, then returned to Washington to resume their now-

---

[1] The Indian court uses the term "divorce" in its order, and this opinion will use the term "divorce" in reference to that order.

[2] This opinion refers to the parties by their first names to avoid confusion. We intend no disrespect.

Citations and pin cites are based on the Westlaw online version of the cited material.

married lives.  The Jayagarans lived in Washington for 18 years, where they had 3 children.  In March 2015 the family returned to India with Glory taking a new permanent position with Microsoft in India.

The Jayagarans' marriage was troubled.  Between 2009 and 2015, Washington courts granted four full protection orders against Glory due to domestic violence. Ongoing abuse resulted in Sunita fleeing from India and returning to Washington with her children in 2015.

Upon learning of Sunita's return, Glory initiated divorce proceedings in India.  On August 29, 2015, Glory's attorney in India drafted a marital complaint and threatened to begin divorce procedures.  The attorney sent this document to Sunita's personal e-mail and mailed it to her parents' home in Mumbai.  Sunita had not resided with her parents since 1996.  The letter was sent back with the label "return to sender."

Glory then mailed a "Form 11" document[3] to Sunita's parents' home.  This document was returned with the label "return to sender."  Glory then attempted courier service of the Form 11 document at the same address.  Sunita's mother told court staff delivering the document that Sunita had returned to the United States over a year prior.

On October 19, 2016, Glory's attorney in India prepared a memorandum requesting the Indian court permit service by mail and e-mail.  The record does not include a response or order from the Indian court, but a new Form 11 was issued.  Glory mailed this new form to the residential address of Sunita's friends, the Lees, as well as a Microsoft campus building.  Sunita maintained that she never lived at the Lees'

_____

[3] The "Form 11" document appears to be the Indian court's equivalent of a summons.

residence. She also maintained that she was a contractor for Microsoft and did not have a work address there.

On February 8, 2017, Glory obtained a default divorce decree from the Indian court. He e-mailed Sunita at her personal e-mail address, informing her of the decree. Sunita maintained she did not receive Glory's e-mails.

After learning that Glory had returned to the United States, on July 12, 2018, Sunita filed for dissolution in the King County Superior Court. Glory answered and claimed that the court did not have jurisdiction over him or Sunita, and that the Indian court had already dissolved their marriage.

On September 7, 2018, Sunita filed a motion with the trial court requesting it find the Indian divorce decree invalid because of due process violations for lack of service and notice. Sunita also sought a declaration that Washington had jurisdiction over the dissolution proceedings. Following a hearing, on October 31, 2018, the trial court entered an order finding the Indian divorce decree invalid for lack of service and notice to Sunita. The court also determined it had jurisdiction over the dissolution action filed by Sunita.

Almost eight months later, on June 27, 2019, Glory filed a motion to vacate the October 31 order under CR 60(b)(3) and (11). The trial court denied the motion to vacate.

Glory appeals.

II.

Glory argues first that the trial court abused its discretion in determining the Indian divorce decree was invalid and unenforceable under Washington law due to lack of personal service. We disagree.

This court reviews de novo if service of process was proper. Scanlon v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014).

The "essence of due process" is the requirement that a person subject to a lawsuit be given notice of the case and the opportunity to be heard. Matthews v. Eldrige, 424 U.S. 319, 348 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "Proper service of process must comply with both constitutional and statutory requirements." Scanlan, 181 Wn.2d at 847 (citing Farmer v. Davis, 161 Wn. App. 420, 432, 250 P.3d 138 (2011)). Glory avers that he satisfied the requirements for service both under Indian law and Washington law by mailing notice to Sunita's parents' home in Mumbai and then having the clerk's office deliver the notice to her home. In support of his argument, Glory mistakenly relies on CR 5(b).[4] "Service and the filing of pleadings and other papers, subsequent to the original complaint, are covered under the auspices of CR 5 . . . CR 4 controls service of the original summons and complaint." Jones v. Stebbins, 122 Wn.2d 471, 476, 860 P.2d 1009 (1993) (emphasis added).

In addition to CR 4, service of process, including service of the original summons, is governed by CR 4.1, and chapter 4.28 RCW. CR 4 provides the

---

[4] Glory also cites Rules for Enforcement of Lawyer Conduct (ELC) 4.1 as authority for service by mail. The ELC rules only govern the procedures by which a lawyer may be subjected to disciplinary sanctions or action for violations of the Rules of Professional Conduct. ELC 1.1. They are irrelevant to service of process requirements.

requirements for commencing a civil action, providing notice of the action, and service of the action.  CR 4.1 provides the specific form for a domestic action.  RCW 4.28 enumerates the means in which effective service of process can be made in Washington in order to satisfy due process requirements.  A summons may be served by delivering a copy to the defendant or respondent personally, by leaving a copy of the summons at the house of their usual abode with some person of suitable age, or by leaving a copy at their usual mailing address and mailing.  RCW 4.28.080 (16), (17).  The "usual mailing address" does not include the respondent's place of employment.  RCW 4.28.080(17).  The statute does not provide for service by e-mail.  RCW 4.28.080(16).

Here, at no point was service delivered to an address where Sunita resided.  Nor did Glory comply with the requirements for service by publication set out in RCW 4.28.100.  Glory's mailing to Sunita's parents' address, his purported e-mail correspondences to Sunita, his mail to a Microsoft office in which Sunita did not work, and his mailing to the Lee residents met neither the requirements of due process nor service of process under Washington law.

III.

Glory argues next that the trial court abused its discretion in denying his CR 60 motion to vacate.  We again disagree.

"On appeal, a trial court's disposition of a motion to vacate will not be disturbed unless it clearly appears that it abused its discretion.  Lindgren v. Lindgren, 58 Wn. App. 588, 595, 794 P.2d 526 (1990).  A trial court abuses its discretion when its ruling is

based on untenable grounds or for untenable reasons or when the discretionary act was manifestly unreasonable. Lindgren, 58 Wn. App. at 595.

"CR 60 is a limited procedural tool that governs relief from final judgments." Fireside Bank v. Askins, 195 Wn.2d 365, 375, 460 P.3d 157 (2020). "Relief may be sought on many bases, including mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud." Fireside, 195 Wn.2d at 375. "The rule balances the principles of equity and finality." Fireside, 195 Wn.2d at 375. "Fundamentally, a CR 60 proceeding is 'equitable in its character, administered upon equitable principles, and extended upon equitable terms.'" Fireside, 195 Wn.2d at 375 (quoting Roth v. Nash, 19 Wn.2d 731, 738, 144 P.2d 271 (1943)).

Nearly eight months after the trial court's order declaring the Indian decree invalid for lack of personal service, Glory moved to vacate the order under CR 60(b)(3) and (b)(11). Glory's motion included, for the first time, documents he claimed demonstrated that he complied with service requirements under Indian law. Glory asked the court to apply comity and follow Indian law, citing In re Estate of Toland, 180 Wn.2d 836, 329 P.3d 878 (2014).

After consideration, the trial court issued the following findings:

   a. The Respondent does not meet his burden under a CR 60(b)(3) motion as he cannot establish that the evidence filed in his motion (1) would probably change the result if a new trial were granted, (2) was discovered since trial, (3) could not have been discovered before the trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching. CR 60(b)(3); Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013).

   b. The Respondent does not include the required statements of due diligence in seeking the new evidence included in his motion. CR 60(b)(3); Vance v. Offices of Thurston County Comm'rs, 117 Wn. App. 660, 71 P.3d 680 (2003).

c.  The Respondent does not demonstrate that the circumstances present in this case rise to the level of extreme, unexpected, or extraordinary circumstances as contemplated by CR 60(b)(11).  State v. Ward, 125 Wn. App. 374, 379, 104 P.3d 751 (2005).

d.  There are no legal grounds upon which to vacate the Order on Petitioner's Motion Regarding Jurisdiction and Foreign Divorce Decree, and this motion must be denied.

e.  CR 60 is an inappropriate remedy based on the materials presented and lack of legal foundation for such a motion and the Respondent is admonished for using this process to obtain relief.

Glory does not challenge the trial court's findings.  Nor does he assign error to the trial court's determination that his motion under CR 60(b)(3) and (b)(11) that his CR 60 motion lacked merit.  This is fatal to his appeal.

CR 60(b)(3) states:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:

(3) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b).

"To justify vacating a judgment on the ground of newly discovered evidence, the moving party must establish that the evidence (1) would probably change the result if a new trial were granted, (2) was discovered since trial, (3) could not have been discovered before the trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching."  Jones, 179 Wn.2d at 360.  The "[f]ailure to satisfy any one of these five factors is a ground for denial of the motion."  Go2Net, Inc. v. C I Host, Inc., 115 Wn. App. 73, 88, 60 P.3d 1245 (2003).

We agree with the trial court.  Glory's CR 60 motion failed to support application of CR 60(b)(3).  Glory did not argue below, and does not argue here, that the evidence

he offered met the standard for "newly discovered" evidence consistent with CR 60(b)(3).

CR 60(b)(11) allows a trial court to vacate a judgment for "[a]ny other reason justifying relief from the operation of the judgment." But CR 60(b)(11) is "not a blanket provision authorizing reconsideration for all conceivable reasons." State v. Keller, 32 Wn. App. 135, 141, 647 P.2d 35 (1982). Instead, CR 60(b)(11) is confined to "extraordinary circumstances" and "must relate to 'irregularities which are extraneous to the action of the court or go to the question of the regularity of the proceedings.'" Keller, 32 Wn. App. at 141 (quoting Marie's Blue Cheese Dressing, Inc. v. Andre's Better Foods, Inc., 68 Wn.2d 756, 758, 415 P.2d 501 (1966)).

Again, we agree with the trial court that Glory's motion under CR 60(b)(11) lacked merit. Glory failed to demonstrate below, or here on appeal, extraordinary circumstances, extraneous irregularities, or irregularities of the proceedings.

Even though dismissal of Glory's CR 60 motion was appropriate under CR 60(b)(3) and (b)(11), the trial court continued and addressed Glory's argument that it should apply comity and accept service under Indian law. "The comity doctrine allows a court, acting within its discretion, to give effect to the law and resulting orders of another jurisdiction out of deference and respect, considering the interests of each jurisdiction." Toland, 180 Wn.2d at 846 (citing Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 160, 744 P.2d 1032, 750 P.2d 254 (1987)). To be valid, the foreign court "must have had jurisdiction and there must have been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a

system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries." Toland, 180 Wn.2d at 847. "A judgment is valid if the court had jurisdiction, there was notice, and the court was competent." Toland, 180 Wn.2d at 847.

Here, recognizing the lack of notice, including lack of publication, the trial court exercised its discretion not to apply comity, explaining:

> f. The Respondent's argument that the legal concept of comity permits the court in Washington to accept Respondent's "new" evidence as proof of service is contrary to the laws and policies of the United States and Washington, and enforcing this form of service and the Indian decree would seriously interfere with Washington's policies and laws regarding due process, including notice, service of process, and opportunity to be heard.
>
>     . . . .
>
> j. If service is impossible, under [CR 4(d)(3)] in Washington publication of notice is required. There is no proof of such notice in India. Under the principles of comity, the foreign judgment is not valid here.

Based on the record before us, we cannot say that the trial court abused its discretion either in denying Glory's CR 60 motion or in refusing to apply comity.

IV.

Sunita requests attorney fees and costs on appeal under RCW 26.09.140 and RAP 18.1. RCW 26.09.140 provides that a court "may" award costs and attorney fees for a party's appeal in a dissolution case "after considering the financial resources of both parties." "This section requires an inquiry into the moving party's need and the nonmoving party's ability to pay." In re Marriage of Mueller, 140 Wn. App. 498, 510, 167 P.3d 568 (2012). Sunita has not supported her request with either financial

information or argument as to why she is entitled to fees and costs. We decline to award Sunita her fees and costs on appeal.

Affirmed.

_____Mann, C.J._____

WE CONCUR:

_____               _____